## Case No. 18,188.

### YOUNT v. UNITED STATES.

[Hoff. Land Cas. 43.] [1]

District Court, N. D. California. June Term, 1855.

#### MEXICAN LAND GRANT.

Under the decision of the United States supreme court in Fremont v. U. S. [17 How. (58 U. S.) 542], this claim is entitled to confirmation.

Claim for [the Rancho La Jota] one league of land in Napa county, rejected by the board, and appealed by claimant [George C. Yount].

Thornton & Williams, for appellant.
S. W. Inge, U. S. Atty., for appellees.

HOFFMAN, District Judge. On the hearing of this case, no oral argument on its merits was had, but the district attorney stated that the objections to its validity on which he should rely were those contained in the opinion of the board of commissioners rejecting the claim. To meet the objections stated in that opinion, additional testimony has been taken in this court, and as no other reasons for rejecting it have been suggested to us, we have now to inquire whether those objections were well founded, and whether they have been since removed by the additional testimony taken in this court. The ground on which the claim was rejected by the commissioners, and the only objection mentioned in their opinion, is that the land was not designated in the original grant with sufficient certainty to effect its severance from the public domain. No juridical possession of the land was given—the officer whose duty it was to give it having been deterred by fear of the Indians from doing so. It appears from the expediente in this case that the claimant made his petition to the governor for the grant on September 14th, 1843. After due reference of the same for information, and several reports thereon, Governor Micheltorena, on the twenty-first of October, 1843, made his order for a concession, and on the twenty-third of the same month issued and delivered to the claimant a grant, subject to the approval of the departmental assembly, and under the usual conditions. The grant duly authenticated is given in evidence in the case, and its genuineness is not called in question. In examining the nature and force of the objection to the validity of the claim on which the commissioners rejected it, it will be necessary to extract some portions of the opinion of the commissioners, as the same appears in the transcript on file in this court: "The petition for the grant alleges that the petitioner is a carpenter, and there being in the mountains, known by the name of 'La Jota,' a vacant place, he prays his excellency to grant him a league

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]

of said mountain land for the purpose of establishing a sawmill therein. Some confusion appears in the subsequent papers in the case relative to the application of the name La Jota, but an examination of the original in the Spanish language makes it clear that it is used as the name of the mountain region in which the land solicited was located; and the above is all the description of the land prayed for in the petition, except a reference to some neighboring ranchos bordering, not the square league of land solicited, but a large tract of broken and mountainous country within which it was to be located, and from which it was proposed to separate it by juridical survey. * * * The grant recites that said Yount has petitioned for an addition of one square league in the sierra next to his rancho, named 'La Jota,' and proceeds to declare as follows: 'I have granted him one square league in said range of hills.' * * * The land, a confirmation of which is asked of this board, is denominated in the application to this commission the tract of land called 'La Jota.' The land granted is nowhere in the documentary evidence emanating from the former government designated by that name, but on the contrary, seems, by the terms used, to be excluded from the place thus designated. It is not La Jota which is granted, but lands to the extent of one league which adjoin it—'La Jota.' "

Under the view of the facts of the case indicated in the foregoing extracts, the commissioners rejected the claim, regarding it as a grant, not of any particular piece of land, but of an unlocated quantity of land to be afterwards located within an extensive and undefined tract of mountain country. It is insisted, however, by the appellant, that this conclusion is founded on a misconception of the import of the grant, as appears, not only from the terms of the grant itself and the petition on which it was founded, but also from the additional testimony taken in this court. By the testimony of Elias Barnett, it appears that the tract of land claimed by the appellant was, as early as 1843, and at the time of the grant, well known under the name of "La Jota," both by the Mexicans and also by the Indians, by whom its name was originally given; that the witness has himself known the tract since 1843, and that ever since he first knew it it was called by the name of "La Jota;" that it is a piece of table land on the top of a mountain, and that its limits and extent are generally known, and its boundaries well defined; that a surveyor could have no difficulty in locating it, its extent being a little less than a square league. Ralph L. Kilburn testifies that he has known the tract of land called "La Jota" since the winter of 1843–44; that it lies on the top of a mountain between Napa valley and Pope's rancho, and that it is bounded by the slope of the mountain on every side; that it contains somewhat less than a league of

land, and that it is as easy to ascertain its boundaries as those of Goat island in this harbor. He further states that this tract is generally known by the name of "La Jota," and that it was so known before he became acquainted with it.

It is evident from this testimony and the other depositions in the case, that there is in the vicinity of the rancho of the claimant called Caymas, a tract of land of well defined limits, and with generally recognized boundaries; that it was at the time of the grant, and previously, known under the name of La Jota; that it was occupied immediately after the grant by the claimants, and improvements were made upon it; and that it is now known under the name of La Jota and recognized as the land granted to him. Nothing appears in the evidence to show that the name La Jota was ever applied to the sierra or mountain range in which the tract was situated, or that that name was ever supposed to include any other land than the well defined tract of about a league square, now claimed by the appellant.

Such being the facts of the case, we have next to inquire whether the place called La Jota was granted to the claimant. The commissioners seem to have thought that the name of La Jota is mentioned in the grant as that of the rancho near which the granted land was situated, and not as that of the granted land itself. But independently of the fact that the rancho was not called by the name of La Jota, but was well known as "Caymas," a close examination of the grant will show that the name "La Jota" is applied, not to the neighboring rancho of the appellant, but to the sierra or serrania adjoining it. The original grant recites, that whereas George Yount, etc., has applied for an "estencion" of one square league in the sierra adjoining his rancho named "La Jota." In English the name thus used might well be taken for that of the rancho, but on referring to the original Spanish, it is apparent that the expression "nombrada" La Jota, in the feminine, cannot refer to the masculine antecedent "rancho," but must relate to the feminine "sierra." The land granted is afterwards described as one square league in the said range of hills—"Serrania." The original petition on which the grant is founded, sets forth that there being vacant "una serrania" adjoining the rancho of the petitioner "conocida con el nombre de Jota," he solicits one square league of said sierra, etc., etc. From the petition, therefore, as well as from the grant, it appears that the land granted is not a particular place known as "La Jota," but one square league in the "sierra," or the "serrania," called "La Jota."

It is argued by the counsel for the claimants, that the phrase in the recital of the grant "nombrada La Jota" applies to the "estencion" solicited. But whatever ambiguity there might have been in the recital of the grant, it is removed by the words of

the granting clause, which describes the land granted as one "square league in the said range of hills" or mountain ridge, as the word "serrania" might with equal propriety be rendered. The petition, too, as has been stated, after reciting that there is vacant a "serrania," called La Jota, adjoining the rancho of the petitioner, solicits, not the place known by that name, but a square league of said "sierra," or mountain range. It is clear, then, that the grant cannot be construed as conveying a place called La Jota, but as granting a league square in a mountain ridge of that name. The true facts of the case are, we think, apparent. The petitioner undoubtedly intended to ask for, and probably the governor intended to grant, a particular piece of land in the mountain near his rancho. That piece of land was, as appears by the testimony, well known and had determinate boundaries; that it was what the petitioner asked for, is evident from the facts that its extent is exactly one square league, the quantity solicited; that he immediately took possession of it and made expensive improvements upon it; that it contained pine trees to furnish timber for the saw-mill he proposed to erect; and that it then bore and has ever since retained the name of "La Jota." Unfortunately, however, he does not, as we have seen, solicit the place called La Jota, but a square league in the sierra of that name, and the governor grants him, not La Jota, but a square league in said range of hills "en dicha serrania." Is, then, this grant so vague that the claim of the petitioner must be rejected?

In the case of Fremont v. U. S. [17 How. (58 U. S.) 542], it was determined that the claimant had a vested right to the quantity of land named in the grant to be located within the exterior limits mentioned. Those limits embrace a region of country containing more than one hundred square leagues. In the case before us, the claimant's right is to one square league in the mountain ridge named La Jota, adjoining his rancho. The limits within which the grant is to be located are distinctly indicated in his petition by boundaries, for it is stated to be bounded on the south by the rancho of Dr. Bale and Napa, on the east by that of Las Animas, and on the west by Las Mallaimas. We have, then, the exterior limits or boundaries of the league granted, as well as the name of the mountain ridge on which it was situated, with the further specification that it (the mountain ridge) is adjoining (inmediata) his rancho of Caymas. That this description conveyed to those acquainted with the country an accurate notion of the place solicited, appears from the report of Vallejo, to whom the governor referred for information. That report speaks of "the piece of land (el terreno) solicited" as situated north of Sonoma, and as not belonging to any individual, etc. We think the description in the grant, and the other facts in this case, bring it fully within the principles of the case of Fremont v. U. S. [17 How. (58 U. S.) 542]. No other objection than that already discussed has been brought to our notice. It appears by the testimony of José de la Rosa, that the claimant has occupied the land by "building a house, a grist and saw-mill, living on the land, carrying on the lumber business, farming and stock raising." Transcript, p. 10. The claim must therefore be confirmed.